IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN S. PICARD,

    Petitioner,

v.

MICHELE MILLER, WARDEN,
Belmont Correctional Institution,

    Respondent.

CASE NO. 2:11-CV-712
JUDGE WATSON
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On April 2, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation* (Doc. 23) and a request for a certificate of appealability. (Doc. 24). For the reasons that follow, Petitioner's objections (Doc. 23) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability (Doc. 24) is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted, failing to present issues appropriate for federal habeas corpus review, and as without merit. He objects to factual findings of the state appellate court. He again argues that his claims are properly before this Court and objects to the Magistrate Judge's conclusion that none of his claims warrant federal habeas corpus relief.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's objections (Doc. 23)

are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner also has filed a request for a certificate of appealability. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show " that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893, & n.4).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish either that reasonable jurists would debate whether the Court properly dismissed his claims as procedurally defaulted or whether the petition states a valid claim of the denial of a constitutional right.

Petitioner's request for a certificate of appealability (Doc. 24), therefore, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON
United States District Judge